Dear Representative Peters:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is it lawful for the Board of Trustees of the Grand River Dam Authority ("Board") to hire the existing general manager of the agency as the director of investments pursuant to 82 O.S.Supp. 2010, § 864.2[82-864.2], and to provide total compensation to the general manager that exceeds the salary limitation imposed by 74 O.S.Supp. 2010, § 3601.2[74-3601.2]?
 2. Does it constitute an impermissible conflict of interest for the general manager of the Grand River Dam Authority ("GRDA") to also perform or to be compensated for performing the duties of the director of investments under Oklahoma law?
 I. IT IS LAWFUL FOR THE BOARD TO HIRE THE GENERAL MANAGER OF THE AGENCY AS THE DIRECTOR OF INVESTMENTS, PURSUANT TO 82 O.S.SUPP.2010, § 864.2, AND TO PROVIDE TOTAL COMPENSATION TO THE GENERAL MANAGER THAT EXCEEDS THE SALARY LIMITATION IMPOSED BY 74 O.S.Supp. 2010, § 3601.2[74-3601.2], BECAUSE, IN SUCH INSTANCE, THE APPLICABLE SALARY LIMITATION IS THAT PROVIDED FOR THE DIRECTOR OF INVESTMENTS IN SECTION 864.2.
"The primary goal of statutory construction is to ascertain and give effect to legislative intent," and that intent is first sought from the language of the statute. Jobe v. State ex rel. Dep't of Pub.Safety, 243 P.3d 1171, 1175 (Okla. 2010). "[W]here the intent cannot be ascertained from a statute's text, as when ambiguity or conflict with other statutes is shown to exist," rules of statutory construction may be invoked. Rogers v. Quiktrip Corp.,230 P.3d 853, 859 (Okla. 2010). Therefore, the answer to your first question requires a review of the language of 82 O.S.Supp. 2010, § 864.2[82-864.2] and 74 O.S.Supp. 2010, § 3601.2[74-3601.2] to determine the Legislature's intent. *Page 2 
Title 82 O.S.Supp. 2010, § 864.2[82-864.2] in pertinent part provides:
 A. The Board of Directors of the Grand River Dam Authority shall select a director of investments who shall be an officer or employee of the district, but who is not a member of the Board. The duties of the director of investments, which shall be in addition to the existing duties of the director as an officer or employee of the district, shall include, but not be limited to, the following:
 . . . .
 C. Notwithstanding the provisions of Section 3601.2 of Title 74 of the Oklahoma Statutes, the compensation for the director of investments shall not exceed ninety percent (90%) of the compensation authorized for the General Manager of the Oklahoma Municipal Power Authority.
Id. (emphasis added).
Title 74 O.S.Supp. 2010, § 3601.2[74-3601.2](A), to which Section 864.2's "Notwithstanding" clause refers, in pertinent part provides:
 Beginning January 1, 2010, the agency, board, commission, department or program shall establish the salary of each of the chief executive officers for which they have appointing authority. Such salary shall be set between the minimum and maximum of the range specified below, for full-time employees only, per annum, payable monthly, pursuant to the limitations outlined below[.]
Id. This statute also sets the following salary range for the chief executive officer[1] of the GRDA:
 MINIMUM MIDPOINT MAXIMUM
 ANNUAL ANNUAL ANNUAL
 SALARY SALARY SALARY
. . . .
Grand River Dam
Authority $101,437.00 $119,339.00 $137,239.00
 *Page 3 Id. § 3601.2(A)(3). Section 864.2 provides that the Board "shall select a director of investments who shall be an officer or employee of the district," and the duties of the director of investments "shall be in addition to the existing duties of the director as an officer or employee of the district."Id. § 864.2(A). The general manager is an officer or employee of the district. We do not find that ambiguity or conflict exists between Sections 864.2 and 3601.2, regarding the general manager assuming the title and additional duties of director of investments. Section 864.2 clearly states that the general manager may do so and nothing in Section 3601.2 states otherwise.[2]
We also find that no ambiguity or conflict exists between Sections 864.2 and 3601.2, regarding the compensation the general manager may obtain if that person also assumes thetitle and additional duties of director of investments. With the phrase in Section 864.2(C), "[n]otwithstanding the provisions of Section 3601.2 of Title 74 of the Oklahoma Statutes," the Legislature acknowledged that a maximum annual salary limit exists for the general manager of the GRDA, but provided that this salary limit should not be applied if the general manager becomes the director of investments. Rather, when the general manager is also hired as the director of investments, the limit set out in Section 864.2(C), that "the compensation for the director of investments shall not exceed ninety percent (90%) of the compensation authorized for the General Manager of the Oklahoma Municipal Power Authority," should be applied. *Page 4 
We conclude, therefore, that it is lawful for the Board to hire the general manager of the agency as the director of investments, pursuant to 82 O.S.Supp. 2010, § 864.2[82-864.2]. If hired by the Board as the director of investments pursuant to 82 O.S.Supp. 2010, § 864.2[82-864.2], it is lawful for the Board to provide total compensation to the general manager that exceeds the salary limitation imposed by 74 O.S.Supp. 2010, § 3601.2[74-3601.2], because in such instance the applicable salary limitation is that provided for the director of investments in Section 864.2. *Page 5 
 II. WHETHER AN IMPERMISSIBLE CONFLICT OF INTEREST EXISTS WHEN THE GENERAL MANAGER OF THE GRDA ALSO PERFORMS THE DUTIES OF THE DIRECTOR OF INVESTMENTS UNDER OKLAHOMA LAW CANNOT BE DETERMINED AS A MATTER OF LAW.
You next ask whether the performance of the duties of the director of investments by the general manager of the GRDA constitutes an impermissible conflict of interest under Oklahoma law. The statute on its face does not create a conflict of interest, and, in fact, recognizes that one person can perform both functions.[3]
Whether a conflict of interest could develop as a matter of fact can not be addressed by an Attorney General Opinion. See
A.G. Opin. 00-2, at 10-11 (holding whether circumstances exist "in an individual case which could give rise to a conflict of interest is a question of fact which is outside the scope of an Attorney General Opinion") (citing 74 O.S.Supp. 1993, § 18b[74-18b](A)(5)).
It is, therefore, the official Opinion of the Attorney Generalthat: *Page 6 
 1. It is lawful for the board of trustees of the Grand River Dam Authority to hire the general manager of the agency as the director of investments, pursuant to 82 O.S.Supp. 2010, § 864.2[82-864.2], and to provide total compensation to the general manager that exceeds the salary limitation imposed by 74 O.S.Supp. 2010, § 3601.2[74-3601.2], because, in such instance the applicable salary limitation is that provided for the director of investments in Section 864.2. *Page 7 
 2. Whether an impermissible conflict of interest exists when the general manager of the Grand River Dam Authority also performs the duties of the director of investments under Oklahoma law cannot be determined as a matter of law. 74 O.S.Supp. 2010, § 18b(A)(5).
E. SCOTT PRUITT ATTORNEY GENERAL OF OKLAHOMA
BRINDA K. WHITE ASSISTANT ATTORNEY GENERAL
[1] The general manager is the chief executive officer of the GRDA. 82 O.S.Supp. 2010, § 864[82-864](A)(2).
[2] Title 51 O.S.Supp. 2010, § 6[51-6], is a general prohibition against dual office holding. Subsection 6(A) provides, "Except as may be otherwise provided, no person holding an office under the laws of the state . . . shall, during the person's term of office, hold any other office . . . under the laws of the state." Id.
This section is not an absolute prohibition, because it is prefaced with the exception, "Except as may be otherwise provided." A.G. Opin. 83-105, at 154 (quoting 51 O.S. 1981, § 6). We need not reach the issue of whether either the position of chief executive officer of the GRDA or director of investments is a public office for purposes of 51 O.S.Supp. 2010, § 6[51-6]. Even if these positions were "offices," the mandate of Section 864.2(A) that the Board "select a director of investments who shall be an officer or employee of the district" and "[t]he duties of the director of investments, . . . shall be in addition to the existing duties of the director as an officer or employee of the district" is an exception to the Section 6 prohibition against dual office holding. Therefore, dual office holding is not an issue here.
[3] The prohibition against dual state employment set out in 74 O.S.Supp. 2010, ch. 62, app.257:20-1-4(c)(2) does not apply. It states, no state employee shall "accept or solicit other employment which would impair his or her independence of judgment in the performance of his or her public duties." Id. The issue of dual employment usually arises when an employee of one agency is employed by another agency. See, e.g., A.G. Opin. 78-149, at 421 (stating "74 O.S. (1977) is not violated when an accountant for a state agency is employed as an instructor in basic accounting by a state educational institution after his normal working hours"). Here, the same agency, the GRDA, employs both the general manager and the director of investments. Additionally, because the Legislature provided that the director of investments "shall be an officer or employee of the district" and "[t]he duties of the director of investments . . . shall be in addition to the existing duties of the director as an officer or employee of the district," combining the position of director of investments with general manager simply gives additional duties to the general manager and does not constitute "other employment." 82 O.S.Supp. 2010, § 864.2[82-864.2](A). *Page 1